FENNIMORE *against* CHILDS.

## ON CERTIORARI.

Though referees are not held to the extreme strictness of the rules of evidence, the admission of the testimony of one of the parties will vitiate their award.

This cause had been referred to arbitrators, and the judgment of the justice entered upon their award. The objections now urged on behalf of the plaintiff in *certiorari* were —1. That the plaintiff below was admitted to give testimony in his own cause. 2. That the referees decided upon his testimony alone. 3. That two of the arbitrators were of opinion with the defendant below, but signed the award under a mistake. 4. That a witness was objected to on the ground of interest, but his evidence was admitted without his being put to his *voire dire*. 5. That illegal testimony was received.

*Griffith,* contra. Whatever errors may have been committed by the referees in this case, or however improperly and illegally they may have conducted themselves, these objections are not inquirable into now, or in this place. Application should always be made to the court under whose authority the arbitrators acted; and in England the court of equity will not grant relief, unless it has been refused by the court of law. *Kyd* 230, 232, (333, 336.) This is the language of the statute (*Ib.*) and it has been uniformly adhered to. It would indeed wear a singular appearance, to permit the justice to enter his judgment upon an award which had been improperly obtained, and then to bring the cause by *certiorari* to this court, involving the parties in much useless and unnecessary expense. Acting as he did, upon the circumstances of the case as they

appeared before him, with no objections urged to the legality of the proceedings of the arbitrators, the judgment of the justice was perfectly correct, and ought not to be examined into. Had application been made to him for relief, and had he decided erroneously, the objections would then have gone immediately and directly to the judgment.

2. With regard, however, to the exceptions that have been taken, the case of the present plaintiff is materially defective in one particular. Referees are not tied down by the arbitrary rules of evidence, but it must always appear that they have gone contrary to the real justice of the case, or technical objections and informalities will be overlooked. It does not appear that any injustice has been done, and therefore no ground is laid for the interposition of the court. 2 *Swift's System*, 7.

3. Whatever may be the foundations of the rule which precludes parties from giving evidence in their own causes, and however salutary and wholesome it may be in the general administration of justice, still there are cases in which exceptions are admitted. It is not a fatal objection to an award, that the statement of the parties themselves was listened to. *Kyd* 2, 3. *Innes* v. *Miller*, 1 *Dall.* 188. In this case, it has further been sworn, that Fennimore himself assented to, if he did not expressly request, that the other party should be examined. The third objection is likewise negatived by the testimony of the arbitrators themselves, as are also the fourth and fifth.

*M'Ilvaine*, in reply.

KINSEY, C. J. delivered the opinion of the court. Courts of justice have long manifested a strong inclination to support the decisions of arbitrators, who are judges of the parties own choosing, and have repeatedly declared that these voluntarily chosen tribunals are not to be held to the same strictness in their proceedings as has been wisely

required in other cases. But, with this evident bias, they never have carried this principle to such an extent as to permit them to relax the best settled and most valuable rules of evidence, and admit parties to testify in their own causes. Technical niceties ought not to stand in the way of the administration of justice, but this objection is substantial and not technical.*

It has, however, been made out clearly to our satisfaction that Fennimore consented to the examination of Childs, and thus waived the exception. If this fact were even dubious, the inclination of our minds would be to support the award of three honest, disinterested, and intelligent men, as these arbitrators unquestionably are, but we are satisfied that they have acted properly, and are unanimously for affirming the judgment.

Judgment affirmed.

---

*In *Mulder* v. *Cravat*, 2 *Bay.* 370, the same objection was urged against an award of arbitrators, but it was overruled by the court.